UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PHILIP D. PALMERI,

                               Plaintiff,

                    v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                               Defendant.

**DECISION
and
ORDER

18-CV-1182F
(consent)**

_____

APPEARANCES:          LAW OFFICES OF KENNETH R. HILLER, PLLC
                              Attorneys for Plaintiff
                              KENNETH R. HILLER, and
                              JUSTIN DAVID JONES, of Counsel
                              6000 North Bailey Avenue
                              Suite 1A
                              Amherst, New York 14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              Federal Centre
                              138 Delaware Avenue
                              Buffalo, New York 14202
                                      and
                              JAMES DESIR,
                              Special Assistant United States Attorney, of Counsel
                              Social Security Administration
                              Office of General Counsel
                              26 Federal Plaza,
                              room 3904
                              New York, New York 10278
                                      and

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

DENNIS J. CANNING, and
BLAKELY PRYOR
Special Assistant United States Attorneys, of Counsel
Social Security Administration
Office of General Counsel
601 E. 12TH Street
Room 965
Kansas City, Missouri 64106

## JURISDICTION

On October 7, 2019, the parties to this action, consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. (Dkt. 14). The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on May 16, 2019, (Dkt. 7), and by Defendant on August 14, 2019 (Dkt. 12).

## BACKGROUND

Plaintiff Philip D. Palmeri ("Plaintiff"), brings this action under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on November 24, 2014, for Social Security Disability Insurance under Title II of the Act ("SSDI" or "disability benefits"). Plaintiff alleges he became disabled on July 1, 2014, based on light-headedness, confusion, dizziness, vertigo, telogen effluvium (hair loss), high blood pressure, headaches, nausea, anxiety, swelling in the left side of his face, and sinuses. AR[2] at 162-63, 185, 189. Plaintiff's application initially was denied on May 8, 2015, AR at 65-75, and at Plaintiff's timely request, on September 6, 2017, a hearing was held in Buffalo, New

---

[2] References to "AR" are to pages of the Administrative Record electronically filed by Defendant on March 18, 2018 (Dkt. 5).

York via video conference before administrative law judge John Allen ("the ALJ), located in Falls Church, Virginia. AR at 38-64. Appearing and testifying at the hearing was Plaintiff, represented by his then attorney, Jeanne Murray, Esq.

On September 14, 2017, the ALJ issued a decision denying Plaintiff's claim, AR at 18-32 ("the ALJ's decision"), which Plaintiff appealed to the Appeals Council. AR at 159-60. On September 6, 2018, the Appeals Council issued a decision denying Plaintiff's request for review, rendering the ALJ's decision the Commissioner's final decision. AR at 1-7. On October 26, 2018, Plaintiff commenced the instant action seeking judicial review of the ALJ's decision.

On May 16, 2019, Plaintiff moved for judgment on the pleadings (Dkt. 7) ("Plaintiffs' Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 7-1) ("Plaintiff's Memorandum"). On August 14, 2019, Defendant moved for judgment on the pleadings (Dkt. 12) ("Defendant's Motion"), attaching the Brief in Support of the Commissioner's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Civil Rule 5.5 for Social Security Cases (Dkt. 12-1) ("Defendant's Memorandum"). Filed on September 4, 2019, was Plaintiff's Reply to Defendant's Brief in Support of the Defendant's Motion for Judgment on the Pleadings (Dkt. 13) ("Plaintiff's Reply"). Oral argument was deemed unnecessary.

Based on the foregoing, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Philip D. Palmeri ("Plaintiff" or "Palmeri"), born December 14, 1952, was 61 years old as of July 1, 2014, his alleged disability onset date ("DOD"), and 64 years old as of September 14, 2017, the date of the ALJ's decision. AR at 27, 185. Plaintiff lived alone in a single-family house in Niagara Falls, New York. AR at 43-44. Plaintiff graduated high school, where he attended regular classes, and attended college for three semesters. AR at 45, 190. Plaintiff has a driver's license and drives daily. AR at 44. Plaintiff worked for 41 years for the same chemical manufacturing facility in Niagara Falls, where he held several different positions including, most recently, a caustic loader job in which Plaintiff loaded caustic soda into vessels such as tanker trucks and rail cars. AR at 45, 191. Plaintiff testified at his administrative hearing that he was "in good health" when on April 1, 2014, when Plaintiff retired from his long-term job to take on the responsibility of caring for his elderly parents. AR at 47-48. Plaintiff became stressed while caring for his parents and began to suffer migraine headaches and increased blood pressure, and on July 1, 2014, Plaintiff noticed his hair was turning gray and white and falling out, for which Plaintiff went to a dermatologist who diagnosed Plaintiff with telogen effluvium (temporary hair loss caused by stress). AR at 48-51.

In connection with his disability benefits application, on April 24, 2015, Plaintiff underwent a consultative psychiatric examination by Janine Ippolito, Ph.D. ("Dr. Ippolito"), AR at 282-86, and a consultative internal medicine examination by Hongbiao Liu, M.D. ("Dr. Liu"). AR at 288-91.

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

Prior to the administrative hearing, Plaintiff submitted proposed exhibits from DENT Neurologic Institute where Plaintiff had been treated for headaches, but the ALJ declined to admit the records into the administrative record because they were submitted fewer than five business days before the scheduled administrative hearing, as required under the relevant regulation, nor did any of several exceptions to such regulation apply. AR at 18.

## DISCUSSION

**1.  Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's

function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence. *Id.* "Congress has instructed . . . that the factual findings of the Secretary,[4] if supported by substantial evidence, shall be conclusive." *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.     Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits. *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a). The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982). If the claimant meets the criteria at any of the five steps, the inquiry ceases and the claimant is not eligible for disability benefits. 20 C.F.R. §§ 404.1520 and 416.920. The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed. 20 C.F.R. §§ 404.1520(b) and 416.920(b). The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations. 20 C.F.R. §§ 404.1520(c) and 416.920(c). Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part

---

[4] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience. 42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d). As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW"). 20 C.F.R. §§ 404.1520(e) and 416.920(e). If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step. 20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).

     In the instant case, the ALJ found that Plaintiff met the Act's insured status requirement for SSDI through September 30, 2018, AR at 20, and Plaintiff has not engaged in substantial gainful activity since July 1, 2014, his alleged DOD. *Id.* The ALJ

further determined Plaintiff suffers from the medically determinable impairments of hypertension, hypothyroidism, hyperlipidemia, history of asthma, anxiety disorder, adjustment disorder, and somatization disorder (the production of recurrent and multiple medical symptoms with no discernible organic cause), but that such impairments pose no limitations to Plaintiff's ability to perform basis work activities and are thus, by definition, not severe. *Id.* at 20-21. The ALJ also found other medical conditions referenced in the administrative record to be isolated conditions, including allergic conjunctivitis, blepharitis (inflammation of eyelid), internal hemorrhoids, pansinusitis (inflammation and infection of all sinus cavities in the face), herpes simplex 1 and 2, asthma, encephalopathy, and telogen effluvium, and that such conditions either were diagnosed "by history," or the evidence indicates the conditions had acute onsets and either promptly resolved with appropriate treatment or never lasted 12 continuous months, and there is no evidence of any on-going treatment for these conditions. AR at 20-21. The ALJ further found Plaintiff does not have an impairment or combination of impairments that significantly limits Plaintiff's ability to perform basic work-related activities for 12 consecutive months and, as such, does not have a severe impairment or combination of impairments as defined under the Act, *id.* at 21-26, such that Plaintiff is not disabled as defined under the Act. *Id.* at 27. Because the ALJ found at step two of the five-step analysis that Plaintiff does not have a severe impairment, the ALJ did not proceed to the remaining three steps.

The essence of Plaintiff's claim is that the ALJ erred in failing to find Plaintiff's headaches to be a severe impairment at step two, Plaintiff's Memorandum at 10-15, improperly applied the so-called "Five-Day Rule" in rejecting recent treatment notes

from DENT Neurologic Institute ("DENT"), because the records were delivered to the ALJ fewer than five days prior to the administrative hearing, *id.*, at 15-18, and the ALJ relied on a state consultative examiner's opinion that was stale. *Id.* at 18-21. Defendant argues the ALJ properly determined Plaintiff's headaches were not severe, Defendant's Memorandum at 19-23, the ALJ properly weighed the opinions of record, *id.* at 23-24, and properly applied the Five-Day Rule. *Id.* at 24-30. In reply, Plaintiff reiterates his arguments that the ALJ erred at step two in finding Plaintiff's headaches are non-severe, Plaintiff's Reply at 1-3, the ALJ misapplied the Five-Day Rule in declining to accept new evidence submitted fewer than five days before the administrative hearing, *id.* at 3-5, and the ALJ's reliance on Dr. Liu's stale consultative opinion warrants remand. *Id.* at 5-6. There is no merit to Plaintiff's arguments.

Preliminarily, the court addresses Plaintiff's argument that the ALJ misapplied the Five-Day Rule in declining to admit Plaintiff's treatment notes from DENT because they were proffered the day before, rather than at least five days prior to the scheduled administrative hearing as required by the Rule. The subject treatment notes comprise 32 pages, only six of which were not duplicative of evidence already in the record, pertaining to Plaintiff's treatment from DENT on June 8, 2017, and August 10, 2017. AR at 484-89. In particular, the relevant regulation provides that disability benefits claimants "must make every effort to ensure that the administrative law judge receives all of the evidence and must inform us about or submit any written evidence . . . no later than 5 business days before the start of the scheduled hearing," 20 C.F.R. § 404.935(a) ("§ 404.935(a)"), and the failure to comply with this requirement may result in the ALJ declining to consider such evidence unless one of several exceptions is met. *Id.* These

exceptions include that the claimant (1) was misled by the SSA; (2) was prevented from informing the SSA about or submitting the evidence because of a physical, mental, educational, or linguistic limitation; or (3) was prevented from timely informing or submitting the evidence to the SSA by some unusual, unexpected, or unavoidable circumstance beyond the claimant's control such as: (i) serious illness preventing the claimant from contacting the SSA; (ii) death or serious illness of an immediate family member; (iii) the destruction or damage by fire or other accidental cause of important records; or (iv) despite actively and diligently seeking such evidence from a source, the evidence was not received or was received fewer than five business days prior to the hearing.  20 C.F.R. § 404.935(b) ("§ 404.935(b)").  Plaintiff does not dispute his late delivery of the DENT records the day before the administrative hearing was not in compliance with § 404.935(a), nor does Plaintiff assert that such noncompliance is within any of the exceptions under § 404.935(b); rather, Plaintiff urges this court construe the separately enumerated exceptions not "'rigorously or rigidly," but according to a standard akin to "'excusable neglect.'"  Plaintiff's Memorandum at 17 (citing *Lemire v. Colvin*, 2016 WL 3166836, at * 10 (D.R.I. May 4, 2016) (quoting *Howe v. Colvin*, 147 F.Supp.3d 5 (D.R.I. Dec. 4, 2015)), *report and recommendation adopted* 2016 WL 3167077 (D.R.I. June 6, 2016).  As Defendant argues, however, not only is a decision from another district court in a sister circuit not binding on this court, *see Gerrard v. Acara Solutions Inc.*, 2019 WL 2647758, at * (W.D.N.Y. June 27, 2019) ("court decisions from outside this district are not binding on this court"), but in both *Lemire* and *Howe*, the court relied on a different regulation, 20 C.F.R. § 405.331,[5] which was

---

[5] Although 20 C.F.R. § 405.331 also provided that any written evidence must be submitted to the ALJ no later than five business days prior to the date of the scheduled hearing, and further permitted, but did not

10

replaced by § 404.935.  *See* 81 Fed.Reg. 90987-01, 2016 WL 7242991 Dec. 16, 2016) (removing and reserving, *inter alia*, 20 C.F.R. § 404.331, and adding 20 C.F.R. § 404.935).  Nor has Plaintiff provided any explanation, let alone one qualifying under the exceptions set forth in § 404.935(b).  Moreover, as discussed below, discussion, *infra*, at 12-13, even if considered, the six pages of DENT records proffered by Plaintiff would not warrant a different conclusion regarding the severity of Plaintiff's headaches.

Toward that end, Plaintiff insists that the ALJ did not discuss Plaintiff's records pertaining to his treatment for headaches, including records from DENT, leading the ALJ to erroneously fail to consider Plaintiff's headaches a severe impairment at step two and warranting remand.  Plaintiff's Memorandum at 10-15.  Although a plain review of the record establishes the ALJ made "careful consideration of the entire record," AR at 20, the ALJ was not required to discuss every piece of evidence and the "ALJ's failure to cite specific evidence does not indicate such evidence was not considered." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citation omitted).  *See also Cichocki v. Astrue*, 729 F.3d 172, 178 n. 3 (2d Cir. 2013) ("An ALJ need not recite every piece of evidence that contributed to the decision, so long as the record permits us to glean the rationale of an ALJ's decision." (internal quotation marks and citation omitted)).  Rather, a thorough review of the administrative record establishes it contains substantial evidence supporting the ALJ's decision.

In particular, the ALJ took notice of Plaintiff's headaches complaints, finding the headaches were largely attributable to Plaintiff's physical or mental conditions, including

---

require, the ALJ to decline to consider such belatedly submitted evidence unless certain circumstances existed in which case the ALJ was not permitted to decline to consider the evidence, 20 C.F.R. § 405.331(a), (b) (2015), under 20 C.F.R. § 404.935(a), the parties are required to make every effort to ensure the ALJ receives or is informed of all evidence prior to the administrative hearing.

stress from caring for Plaintiff's aging parents, that resolved within one year. AR at 22, 24. The administrative record establishes that although Plaintiff complained of headaches for which he was treated by Malti Patel, M.D. ("Dr. Patel") at DENT from October 7, 2014 through January 9, 2015, Dr. Patel repeatedly assessed Plaintiff with intermittent pressure headaches on the top of his head with vertigo, which Dr. Patel opined that because the headaches were unaccompanied by any specific neurological conditions, the headaches possibly were a symptom of a sinus infection or anxiety, AR at 269-78, but Dr. Patel was unable to identify a cause. AR at 243. On June 18, 2015, Plaintiff commenced supporting psychotherapy with Thomas E. Unger, Ph.D. ("Dr. Unger"), of Buffalo Psychology Group, and on August 21, 2015, Dr. Unger reported Plaintiff's stress-related anxiety and headaches had improved, and discharged Plaintiff from further treatment. AR at 340-59. Treatment records from Plaintiff's primary care physician, Eugene J. Kalmuk, M.D. ("Dr. Kalmuk"), show Plaintiff denying headaches on April 21, 2015, (AR 374), and reporting headaches on July 15, 2015, but denying dizziness, numbness, and tremor and weakness improving since prior year (AR at 288-89), but the record is bereft of anything more than conservative management of the headaches with Plaintiff's medical treatment sources repeatedly opining Plaintiff did not, as a result of his headaches, suffer any deficits in memory, concentration, or mentation (thinking or working of the mind), AR at 270, 273, 277, 362-63, 368, supporting the ALJ's determination that Plaintiff's headaches did not cause more than mild limitations to Plaintiff's ability to perform basic work activities, including understanding, remembering and carrying out simple instructions, using judgment, and responding

appropriately to others, and were, thus, not severe.  20 C.F.R. §§ 404.1520(d)(1), 404.1522(b)(3)-(6).

Even if the ALJ were to have considered the late-submitted DENT records showing Plaintiff complained of headaches on June 8, 2017, and August 10, 2017, registered physician assistant ("P.A.") Wendy A. Callen ("P.A. Callen"), reported such headaches as "intermittent" and "not changed in intensity or frequency," AR at 484, and unaccompanied by nausea or vomiting, but only presenting an "off" feeling which Plaintiff denied as dizziness.  AR at 487.  Plaintiff nevertheless showed no other neurological or physical deficits.  AR at 485, 488.

The ALJ also found Plaintiff's subjective complaints of headaches inconsistent with Plaintiff's reported activities of daily living, including Plaintiff spends his days visiting with his elderly parents, attending his grandsons' sporting events, surfing the internet, goes outside almost daily and drives, has no problems with activities of personal care, prepares his own meals daily, needs no reminders to take medications, does his own household chores except for mowing the lawn, grocery shops twice a week, can handle his personal finances, watches television, spends time with others in person, talking on the telephone, and goes to public places and events on a regular basis, has no problems getting along with others, and can follow written or spoken instructions, asserting his only problem posed by his headaches is some difficulty paying attention when he has a headache.  AR at 22 (citing AR at 198-210).  Insofar as Plaintiff points to a February 7, 2017 MRI showing mild, age-related changes and moderate sinus infection, AR at 364-65, these findings regarding Plaintiff's subjective complaints are consistent with Plaintiff's administrative hearing testimony on September

13

6, 2017. *See*, *e.g.*, AR at 54-56 (Plaintiff testifying he can handle his own finances, cook, grocery shop, drive, attend sporting events, visit with friends, and goes to the casino). Relevantly, the ALJ is permitted to make determinations as to the claimant's subjective complaints and the consistency with the record, and no remand is warranted where the basis for the ALJ's decision including, *inter alia*, as to the consistency of such subjective complaints with the record can be gleaned from the record. *Cichocki*, 534 Fed.Appx. at 76.

Accordingly, even with consideration of the belatedly filed records, the ALJ's determination that Plaintiff's headaches do not more than mildly interfere with Plaintiff's ability to perform basic work activities and thus do not qualify as a severe impairment is supported by substantial evidence in the record.

Furthermore, there is no merit to Plaintiff's assertion that the ALJ erroneously relied on the April 24, 2015 consultative opinion of Dr. Liu, who reported Plaintiff complained of headaches, AR at 288, yet opined that Plaintiff "has no limitation with routine activities," AR at 291, which Plaintiff asserts was stale because it was rendered prior to the more recent records from DENT showing Plaintiff continued to complain of headaches of undetermined origin. Plaintiff's Memorandum at 18. Although "medical source opinions that are 'conclusory, stale, and based on an incomplete medical record' may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F.Supp.3d 329, 343-44 (W.D.N.Y. 2015) (quoting *Griffith v. Astrue*, 2009 WL 909630, at *9 n. 9 (W.D.N.Y. July 27, 2009)), *aff'd*, 652 Fed.Appx. 25 (2d Cir. 2016), an ALJ is permitted to rely on the opinion of a consultative examiner, *Camille*, 625 Fed.Appx. at 27 n. 2, here, Dr. Liu, who examined Plaintiff during the relevant period, and there is no

14

caselaw or rule imposing "an unqualified rule that a medical opinion is superseded by additional material," *id.* at 27 n. 4, including where, as here, such "additional evidence does not raise doubts as to the reliability of Dr. [Liu's] opinon." *Id.* Accordingly, Dr. Liu's opinion was not stale and the ALJ was permitted to rely on it.

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 7) is DENIED; Defendant's Motion (Dkt. 12) is GRANTED. The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:  March 25th, 2020
      Buffalo, New York